IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES SIMMONS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-cv-00441 |
| | § | |
| CIGNA CORPORATION, and | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT

COMES NOW, Defendant Life Insurance Company of North America ("LINA" or "Defendant"), incorrectly sued as CIGNA Corporation and Life Insurance Company of North America, and files this motion to dismiss claims asserted against it by Plaintiff James Simmons ("Plaintiff") for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6), and in support thereof would show the following:

## I.

## NATURE OF THE ACTION

Plaintiff filed this lawsuit to recover long term disability benefits allegedly owed him under a group Long Term Disability Policy issued by LINA (the "Policy"). Plaintiff makes a claim for relief under the Texas Insurance Code §§21.21 and 21.55, as well as claims wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001, et seq. ("ERISA"). Defendant now moves to dismiss Plaintiff's claims under the Texas Insurance Code pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

118470.1

## II.

## SUMMARY OF THE ARGUMENT

In his complaint, Plaintiff contends that LINA violated ERISA by denying his claim for

long term disability benefits under the Policy.  He has lodged claims against Prudential for

breach of Sections 21.21 and 21.55 of the Texas Insurance Code as well as wrongful denial of

benefits under ERISA.  However, pursuant to ERISA and the law of this circuit, Plaintiff's Texas

Insurance Code claims are preempted by ERISA.  Accordingly, Plaintiff has failed to state a

claim for which relief can be granted, and Prudential seeks dismissal of his claims under the

Texas Insurance Code pursuant to Rule 12(b)(6).

## III.

## ISSUES AND AUTHORITIES

### A.     STANDARD OF REVIEW

In ruling on a motion to dismiss an action under Rule 12(b)(6), the Court must accept the

allegations as true, view them in a light most favorable to the Plaintiff, and draw all inferences in

his favor.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Lowrey v.*

*Texas A&M Univ. Sys.*, 117 F.3d 242, 246-47 (5th Cir. 1997).  Dismissal is proper, however, if

the complaint does not allege a required element necessary to obtain relief.  *Blackburn v. City of*

*Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995).  Moreover, "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.*  Here, Plaintiff's Complaint fails to allege the required elements of a claim for breach of

fiduciary duty, and so that claim should be dismissed, as a matter of law, under Rule 12(b)(6).

Generally, in considering a motion to dismiss for failure to state a claim, a district court

must limit its inquiry "to the facts stated in the complaint and the documents either attached to or

118470.1

incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, documents attached to a defendant's motion to dismiss are deemed "part of the pleadings," and may therefore be considered by the Court, "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Collins*, 224 F.3d at 498-99 (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Specifically, when a plaintiff's suit is based upon an employee benefits plan, governed by ERISA, the court may consider plan documents attached to a defendant's 12(b)(6) motion to dismiss. *See Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872 (W.D. Tex. 2001). Consideration of such documents does not convert a Rule 12 motion into one under Rule 56. *Id.* at 872 n.4 (citing *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Sheppard v. Tex. Dept. of Transp.*, 158 F.R.D. 592, 596 n.7 (E.D. Tex. 1994)).

In his Original Petition, Plaintiff contends that LINA is liable for denying his claim for long term disability benefits under the Plan and Policy. (*See* Plaintiff's Original Petition, Pg. 2, ¶7, attached hereto as Exhibit "A"). Because the Policy is referred to in the petition and is clearly central to Plaintiff's claims, it is permissible for this Court to consider documents describing the terms of the Policy as a part of LINA's 12(b)(6) motion to dismiss. *Collins*, 224 F.3d at 498-99; *Franks*, 164 F. Supp. 2d at 872. Accordingly, LINA is attaching hereto, and incorporating into this Motion as if fully set forth herein, a copy of Policy and Summary Plan Description as Exhibits "B" and "C" respectively.

**B.    ERISA PREEMPTS PLAINTIFF'S TEXAS INSURANCE CODE CLAIMS**

In his petition, Plaintiff seeks "damages and equitable relief under the Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. §1001 *et seq* and the Texas Insurance Code §21.21 and §21.55." (*See* Exhibit A, Pg. 1, ¶ 1). Because Plaintiff's Texas Insurance Code

3

claims are state law causes of action that relate to an ERISA-regulated employee welfare benefit plan, they are completely preempted by ERISA and must be dismissed.

## 1.    Overview of ERISA Preemption

Based on the authority of the Fifth Circuit, Plaintiff's state law claims are clearly preempted by ERISA. Under the well-pleaded complaint rule, a cause of action raises a federal question only when the plaintiff's own statement of its case shows that it is based on the laws or Constitution of the United States. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003). There is an exception to the well-pleaded complaint rule, however, in those cases where Congress has so completely preempted an area that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Id.* at 437; *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989) (both quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). It is well-settled that ERISA is one such area that completely preempts all state law claims within its scope. *Metropolitan Life*, 481 U.S. at 62-66.

Section 514(a) of ERISA mandates that the statute's provisions "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The express preemption provisions of ERISA are deliberately expansive and designed to establish the regulation of employee benefit plans as an area of exclusively federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1986); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993). Due to the breadth of the preemption clause and the broad remedial purpose of ERISA, few state laws are found to be beyond the scope of the preemption provision. *Cathey v. Metropolitan Life Ins. Co.*, 805 S.W.2d 387, 390 (Tex. 1991) (citing *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989)).

4

Courts in this circuit use a two-part test to establish whether a state law claim is preempted by ERISA. *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). The first part of the test is a determination of "whether the benefit plan at issue constitutes an ERISA plan." *Hernandez*, 282 F.3d at 362 n.3. If so, then the next inquiry is "whether the claims 'relate to' the plan." *Id.* (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-40 (1990)). State law claims that "relate to" an ERISA plan are preempted by the federal statue and must be dismissed. *McNeil*, 205 F.3d at 189, 192; *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 764 (5th Cir. 1989). Here, the two-part test establishes that Plaintiff's Texas Insurance Code claims are preempted by ERISA and must be dismissed.

## 2.    The Policy at Issue is an ERISA Plan

Plaintiff's claims satisfy the first part of the two-part test because the Plan at issue is an ERISA plan. To determine whether a particular employee welfare plan qualifies as an ERISA plan, courts in this circuit use a three-step inquiry that has evolved from the relevant case law. *McNeil*, 205 F.3d at 189. Under this inquiry, a benefits plan is deemed an ERISA plan if all of the following requirements are met:

(1)    the plan exists;

(2)    it does not fall within the safe harbor exclusion established by the Department of Labor;[1] and

(3)    it meets the ERISA requirement of establishment or maintenance by an employer of the purpose of benefiting the plan participants.

---

[1] The "safe harbor exclusion" provides that a group insurance policy is not governed by ERISA if *all* of the following four criteria are met: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). Here, the Summary Plan Description provides that the Employer contributes to the cost of the benefits available under the Plan. (Ex. C, Pg. 2-3, 40). Therefore, the Plan clearly does not fall within the safe harbor exclusion to ERISA preemption.

*Id.* (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).   In this instance, the Plan meets all of the relevant requirements.   The Summary Plan Description clearly states that the Plan is offered by Plaintiff's employer, United Technology Corporation, for the benefit of its employees.   (*See* Exhibit C, Pg. 3).   The Plan also specifically states that it is subject to the provisions of ERISA, and explains Plaintiff's rights under ERISA.   (*See* Exhibit C, Pg. 39, 41).   Therefore, the Policy at issue is clearly an ERISA plan.

### 3.   Plaintiff's Claims "Relate To" the Plan

The second part of the test establishes that Plaintiff's state law claims "relate to" the relevant ERISA Plan.   Consistent with the purpose of ERISA, the term "relates to" should be construed expansively and given the broadest possible reasonable interpretation.   *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *see also Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *NGS American*, 998 F.2d at 298.   A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.   *Shaw*, 463 U.S. at 97; *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992).   Accordingly, state law may be preempted even if it does not specifically concern subjects covered by ERISA.   *Shaw*, 463 U.S. at 98-100.

Here, Plaintiff's claim falls squarely within the scope of ERISA, as it is a claim "to enforce his rights under the terms of the plan." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (citing ERISA § 502(a)(1)(B)).   Plaintiff's Petition specifically states that he seeks to "show the Court that he is entitled to insurance benefits under his long term disability plan with [LINA]."   (See Exhibit A, Pg. 2, ¶ 7).   Therefore, the state law Texas Insurance Code claims asserted by Plaintiff are preempted by ERISA.

6

IV.

**CONCLUSION**

Plaintiff's claims under Sections 21.21 and 21.55 of the Texas Insurance Code are clearly preempted by ERISA. Therefore, LINA is entitled to dismissal of these claims, pursuant to Fed. R. Civ. P. 12(b)(6). LINA respectfully requests that this Court grant its motion to dismiss with prejudice and for such other and further relief as this Court deems just, equitable and proper under the circumstances.

Respectfully submitted,

Linda P. Wills
State Bar No. 21661400
Federal Bar No. 12566
5847 San Felipe, Suite 2300
Houston, Texas  77057
Telephone: 713/785-7778
Facsimile   713/785-7780
Linda.Wills@WilsonElser.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
LIFE INSURANCE COMPANY OF NORTH AMERICA

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP
Claire W. Parsons
State Bar No. 24051159
Federal I.D. No. 637822
5847 San Felipe, Suite 2300
Houston, TX 77057
Telephone: 713/785-7778
Telecopy:   713/785-7780
Claire.Parsons@WilsonElser.com

7

118470.1

## CERTIFICATE OF SERVICE

I certify that a copy of **Defendant Life Insurance Company of North America's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support** has been forwarded to all known counsel of record by certified mail, return receipt requested on this ___20th___ day of November, 2007.

*Via ECF/CMRRR*
Mr. William S. Hommel, Jr.
1402 Rice Road, Suite 200
Tyler, Texas 75703
Ph. (903) 596-7100

**CLAIRE W. PARSONS**

8

118470.1